# EXHIBIT

# A

West Virginia E-Filing Notice

CC-35-2025-C-68

Judge: Jason A. Cuomo

**To:** Jordan Michael Laird
Jordan@Laird-Law.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
Lisa Koontz v. Lowe's Home Centers, LLC
CC-35-2025-C-68

The following complaintwas FILED on 4/4/2025 6:13:50 PM

Notice Date: 4/4/2025 6:13:50 PM

Brenda L. Miller
CLERK OF THE CIRCUIT COURT
Ohio County
1500 Chapline Street
WHEELING, WV 26003

(304) 234-3611
Brenda.Miller@courtswv.gov

E-FILED | 4/4/2025 6:13 PM
CC-35-2025-C-68
Ohio County Circuit Clerk
Brenda L. Miller

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF OHIO COUNTY WEST VIRGINIA

**Lisa Koontz v. Lowe's Home Centers, LLC**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Jason A. Cuomo

## COMPLAINT INFORMATION

**Case Type:** Civil

**Complaint Type:** Tort

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No

**Case will be ready for trial by:** 10/31/2025

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: ______

☐ I am proceeding without an attorney

☑ I have an attorney: George Sidiropolis, 1140 MAIN ST STE 4 , WHEELING, WV 26003

# SERVED PARTIES

**Name:** Lowe's Home Centers, LLC

**Address:** PO Box 1588, Charleston WV 25326

**Days to Answer:** 30 **Type of Service:** Filer - Certified Mail

E-FILED | 4/4/2025 6:13 PM
CC-35-2025-C-68
Ohio County Circuit Clerk
Brenda L. Miller

**IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

**LISA KOONTZ**, *
*
Plaintiff, *
*
**v.** * **Civil Action No.**
* **Hon.**
**LOWES HOME CENTERS, LLC**, *
**JOHN DOE 1** and **JOHN DOE 2**, *
*
Defendants. *

---

**COMPLAINT**

---

**NOW COMES** plaintiff Lisa Koontz, by and through her attorneys, Flanigan Legal, PLLC, and Laird Law, PLLC, for her cause of action against the defendants, Lowes Home Centers, LLC; and John Doe 1; and John Doe 2.

**Introduction**

On April 6, 2023, Plaintiff Lisa Koontz was a customer at defendant Lowes store in Wheeling, West Virginia when tubes of caulking fell from overhead, and struck her in the face and head. The Lowes manager who arrived on scene observed the shelf from where the caulking fell and advised Lisa Koontz that the Lowes employees stocked the shelves incorrectly. Specifically, the Lowes manager observed that the Lowes policy is to stock the shelves away from the edge. Instead, the caulking had been stocked to the edge and/or over the edge of the shelf, which was the reason they fell from overhead.

Sadly, Lisa Koontz suffered lifelong nerve damage in her face, which has left half of her face frozen. Lisa Koontz is unable to fully smile or show expressions as she had before the injury.



**The Parties**

1. The plaintiff, Lisa Koontz, is a resident of Wheeling, Ohio County, West Virginia.

2. The Defendant, Lowe's Home Centers, LLC, is a foreign corporation licensed to conduct business in the state of West Virginia and has a service of process address listed with the West Virginia Secretary of State of Corporation Service Company, 808 Greenbrier, Charleston, WV 25302, and a principal office address of 1000 Lowe's Blvd., Mooresville, NC, 28117.

3. John Doe Defendant 1, upon information and belief, is an unknown entity or person who may have been responsible for the improperly stocked or arranged item(s) and/or the maintaining and/or inspecting the shelve systems that may

have caused or contributed to the incident that is the subject matter of the Complaint.

4. John Doe Defendant 2, upon information and belief, is a is an unknown entity or person who may have been responsible for the improper design and/or display of item(s) on the shelf that may have caused or contributed to the incident that is the subject matter of the Complaint.

5. This Court has original jurisdiction pursuant to West Virginia Code §51-2-2 insofar as the amount in controversy is in excess of the jurisdictional minimum.

6. Defendant availed itself to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33, by doing, personally and through its agents, the following acts:

a. Causing tortious injury by an act or omission in West Virginia.

b. Causing tortious injury in West Virginia by an act or omission outside the state if the defendant regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in West Virginia

7. Venue is proper in the Circuit Court of Ohio County, West Virginia pursuant West Virginia Code §56-1-1 as a substantial portion of the events giving rise to the claims herein took place in Ohio County, West Virginia, which is within the judicial district of this Court.

## Facts

8. The plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

9. On April 6, 2023, Plaintiff Lisa Koontz was a customer at defendant Lowes store in Wheeling, West Virginia.

10. Plaintiff was in an aisle at defendant Lowes store, when suddenly tubes of caulking fell from overhead, and struck her in the face and head.

11. The Lowes manager who arrived on scene observed the shelf from where the caulking feel and advised Lisa Koontz that the Lowes employees stocked the shelves incorrectly.

12. Specifically, the Lowes manager observed that the Lowes policy is to stock the shelves back and away from the edge to prevent falling objects.

13. Instead, Lowes had stocked the caulking to the edge and/or over the edge of the shelf, which was the reason they fell from overhead.

14. Plaintiff Lisa Koontz suffered injuries to her head and face, including lifelong nerve damage in her face, which has left half of her face frozen.

15. Plaintiff Lisa Koontz is unable to fully smile or show expressions as she had before the injury.

16. Plaintiff Lisa Koontz is without comparative negligence or any other wrongful conduct.

## I. Count I — Negligence

17. The plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

18. On April 6, 2023, defendant owed a duty of care and other duties to its customers and plaintiff who were shopping in their store.

19. On April 6, 2023, defendant breached their duty of care and other duties to its customers and plaintiff who were shopping in their store, when it violated its own policies and procedures with respect to stocking its shelves with products, namely boxes containing tubes of caulking ("caulking").

20. On April 6, 2023, specifically, defendant stocked their shelves incorrectly, in violation of industry standards, and in violation of their own policies and procedures, and in violation of other standards, laws, or applicable regulations, when it stocked the caulking at the edge or over the edge of the shelving.

21. On April 6, 2023, defendant caused the caulking to fall from overhead and strike the plaintiff Lisa Koontz on her head and face.

22. On or before April 6, 2023, defendant negligently designed the store display in such a manner as to endanger the public by not properly securing the caulking and thereby creating a dangerous condition to the public and to the plaintiff.

23. The defendant breached their duty of reasonable and/or ordinary care owed to the plaintiff by failing to maintain the premises in a safe condition, failing to barricade the unsafe condition, improperly designing the store display, creating an unsafe condition, failing to remedy a known unsafe condition, and exposing the plaintiff and the public to a dangerous condition and/or the risk of serious injury to the plaintiff who was a patron, invitee and/or non-trespasser.

24. As a direct and proximate result of the defendant negligent design of the store display, plaintiff Lisa Koontz was struck in the face by caulking on April 6, 2023.

25. On April 6, 2023, defendant caused damages to plaintiff Lisa Koontz, including, *inter alia*, her to be permanently injured in her head and face when the caulking fell and struck her.

26. The defendant breached the duty owed to plaintiff proximately causing injuries and damages to the plaintiff as hereinafter set forth.

**Respondeat Superior / Agency**

27. Defendant is liable to plaintiffs under the doctrine of *respondeat superior* and/or other principles and theories of agency, which impute liability to defendant Lowe's Home Centers, LLC, for the acts of their employees and agents, and John Doe 1 and John Doe 2.

## II. Count II — Negligent Hiring, Training, Supervision and Retention

28. The plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

**Negligent Hiring**

29. At all times material and relevant, defendant hired employees to stock shelves at their store, and train their employees to ensure the shelves were stocked property at their store.

30. Defendants owed plaintiff a duty of care in their hiring of employees to stock shelves and employees who were responsible for ensuring that the shelves were stocked properly at their store.

31. Defendant breached the duty of care it owed plaintiff when it negligently hired employees who defendant knew were unfit to execute their job duties and responsibilities, including, *inter alia*, stocking shelves, and ensuring that the shelves were stocked properly at their store.

32. Defendant breached its duty of care they owed plaintiff proximately caused the plaintiff injuries, damages and losses as hereinafter set forth.

**Negligent Training**

33. At all times material and relevant, defendant were required to train their employees to stock shelves at their store, and train their employees to ensure the shelves were stocked property at their store.

34. Defendant owed plaintiff a duty of care in their training of employees to stock shelves and employees who were responsible for ensuring that the shelves were stocked properly at their store.

35. Defendant breached that duty of care they owed plaintiff when it either negligently trained or did not train its employees to execute their job duties and responsibilities, including, *inter alia*, stocking shelves, and ensuring that the shelves were stocked properly at their store.

36. Defendant breach of their duty of care they owed plaintiff proximately caused the plaintiff injuries, damages and losses as hereinafter set forth.

**Negligent Supervision**

37. At all times material and relevant, defendant was required to supervise their employees in performing their job duties and responsibilities, including,

*inter alia*, with respect to stocking shelves at their store, and ensuring the shelves were stocked properly at their store.

38. Defendant owed plaintiff a duty of care in their supervision of employees to stock shelves and ensuring that the shelves were stocked properly at their store.

39. Defendant breached that duty of care they owed plaintiff when it either negligently supervised or did not supervise its employees to execute their job duties and responsibilities, including, *inter alia*, stocking shelves, and ensuring that the shelves were stocked properly at their store.

40. Defendant breach of their duty of care they owed plaintiff proximately caused the plaintiff injuries, damages and losses as hereinafter set forth.

**Negligent Retention**

41. At all times material and relevant, defendant was required to monitor, supervise and evaluate its employees in performing their job duties and responsibilities, including, *inter alia*, with respect to stocking shelves at their store, designing the layout of items in a safe way, and ensuring the shelves were stocked property so as not to injure any member of the public at their store, and if the employee(s) are not meeting expectations, to correct any error which puts the public at risk or in danger of injury, damage or loss.

42. Defendant owed plaintiff a duty of care in their retention of employees to stock shelves and ensuring that the shelves were stocked properly at their store.

43. Defendant breached that duty of care they owed plaintiff when it either negligently retained its employees after they failed and defendants knew they

failed to execute their job duties and responsibilities, including, *inter alia*, stocking shelves, and ensuring that the shelves were stocked properly at their store, consistent with industry standards, and/or the policies and procedures of the defendants.

44. Defendant breach of their duty of care they owed plaintiff proximately caused the plaintiff injuries, damages and losses as hereinafter set forth.

**Respondeat Superior**

45. Defendant is liable to plaintiffs under the doctrine of *respondeat superior* and/or other principles and theories of agency, which impute liability to defendants Lowe's Home Centers, Inc. and Lowe's Home Centers, LLC, for the acts of their employees and agents, and John Doe 1 and John Doe 2.

**III. Count IV — Damages**

46. The plaintiff incorporates all prior paragraphs of this Complaint as if fully restated herein.

47. The acts and omissions of the Defendants, by and through their agents, representatives, employees, and subcontractors, as described above, were done intentionally and in a willful, wanton, and malicious manner, and with disregard for the rights of the Plaintiff.

48. The acts and omissions of Defendants, by and through their agents, representatives, employees, and subcontractors, caused the Plaintiff to sustain injuries, damages and losses, to her head, face, and other parts of her body, which are permanent and lifelong. Specifically, plaintiff incurred past medical bills, and will incur future medical bills for the remainder of her life. Plaintiff

further experienced past and future pain and suffering, mental anguish and severe emotional distress, inconvenience, annoyance, embarrassment, loss of enjoyment of life, loss of household production, loss of daily activities, and other general and non-economic damages.

49. The acts and omissions of Defendants, by and through their agents, representatives, employees, and subcontractors, caused the Plaintiff to incur substantial costs, expenses, economic losses, non-economic losses and attorney's fees.

50. The acts and omissions of Defendants, by and through their agents, representatives, employees, and subcontractors, were so outrageous that the plaintiff is entitled to recover punitive damages from the Defendants in order to deter the Defendants, and others, from engaging in similar conduct in the future.

**WHEREFORE**, Plaintiff, Lisa Koontz, hereby demands judgment against the Defendants, Lowe's Home Centers, LLC, John Doe 1 and John Doe 2, including, but not limited to, attorney's fees and costs, annoyance and inconvenience, interest, and other losses; plus compensatory damages and punitive damages against the Defendants in an amount in excess of the jurisdictional threshold of this Court and in an amount sufficient to fully compensate the Plaintiff for her injuries and damages and punish and/or deter the Defendants for their conduct, and for such additional favorable relief as the Court deems just and appropriate.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES.**

Respectfully submitted,

By: /s/ George N. Sidiropolis_____________
George N. Sidiropolis, Esq. (#10391)
**Flanigan Legal, PLLC**
1140 Main Street, 4th Floor
Wheeling, WV 26003
Phone: (304) 233-7766
Email: george@flaniganlegal.com

Jordan M. Laird, Esq. (WV #12448)
**Laird Law, PLLC**
2 22nd Street, Suite 202
Wheeling, WV 26003
Phone: (304) 551-2800
Email: Jordan@Laird-Law.com

***Counsel for the plaintiff***