**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**LISA KOONTZ,**

Plaintiff,

v.

**CIV. ACT. NO. 5:25-CV-97**
Judge Bailey

**LOWE'S HOME CENTERS, LLC,**
**JOHN DOE 1** and **JOHN DOE 2,**

Defendants.

## ORDER

Pending before this Court is plaintiff's Motion to Remand [Doc. 17] and Memorandum in Support [Doc. 17-1], filed July 15, 2025. Therein, plaintiff requests this Court remand this matter to the Circuit Court of Ohio County, West Virginia. Defendant Lowe's Home Centers, LLC, filed a Response [Doc. 18] on July 28, 2025. Plaintiff did not file a Reply. This matter is ripe for adjudication. For the reasons contained herein, plaintiff's Motion [**Doc. 17**] will be denied.

## I. BACKGROUND

This case stems from an incident at defendant Lowe's Home Centers, LLC's Wheeling, West Virginia store on April 6, 2023. [Doc. 1-1 at 1]. Plaintiff alleges she was in an aisle when tubes of caulking fell off of a shelf and struck her in the face and head. [Id.]. Plaintiff claims lifelong nerve damage in her face, which has left half of her face "frozen." [Id.]. Plaintiff filed this matter in the Circuit Court of Ohio County, West Virginia, on April 4, 2025. [Id.]. Plaintiff claims compensatory and punitive damages against each defendant, and further requests attorney's fees. [Id. at 14].

Defendant Lowe's Home Centers, LLC ("defendant Lowe's") removed this matter to this Court on May 5, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1 at 1]. In so removing, defendant Lowe's claims diversity jurisdiction is proper because this matter is between citizens of different states and the amount in controversy exceeds $75,000. [Id. at 3–4]. With respect to the amount in controversy, defendant Lowe's states:

> The Complaint does not specify the exact amount of damages sought by Plaintiff or the amount in controversy in this case. Plaintiff's counsel indicated via email April 30, 2025, that his client could not stipulate to damages of less than $75,000. . . . Therefore, the jurisdictional amount is established to satisfy the requirements of 28 U.S.C. § 1332(a).

[Id. at 4].

On July 15, 2025, plaintiff filed her Motion to Remand [Doc. 17]. Therein, plaintiff moves to remand this matter to the Circuit Court of Ohio County, West Virginia, because the amount in controversy does not exceed $75,000. [Doc. 17 at 2].

## II. LEGAL STANDARD

Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***Md. Stadium Auth. v. Ellerbe Becket Inc.***, 407 F.3d 255, 260 (4th Cir. 2005) (quoting ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994)). Federal courts construe removal statutes strictly due to concerns about federalism. ***Shamrock Oil & Gas***

***Corp. v. Sheets***, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. ***Md. Stadium Auth.***, 407 F.3d at 260.

A case is between citizens of different states when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." ***Lincoln Prop. Co. v. Roche***, 546 U.S. 81, 84 (2005). The question of citizenship "is ultimately one of federal law . . ., although federal courts may consult state law in making a decision . . .." ***Long v. Sasser***, 91 F.3d 645, 647 (4th Cir. 1996) (citing ***Ziady v. Curley***, 396 F.2d 873, 874 (4th Cir. 1968); and ***Rodriquez-Diaz v. Sierra-Martinez***, 853 F.2d 1027, 1030 (1st Cir. 1988)). "For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." ***Johnson v. Advance Am.***, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing ***Axel Johnson, Inc. v. Carroll Carolina Oil Co.***, 145 F.3d 660, 663 (4th Cir. 1998)).

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. ***Landmark Corp. v. Apogee Coal Co.***, 945 F.Supp. 932, 935 (S.D. W.Va. 1996) (Copenhaver, Jr., J.). Often this burden is settled without argument because a plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. ***St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (1938); *see also* ***Horton v. Liberty Mut. Ins. Co.***, 367 U.S. 348, 353 (1961) (stating that the general federal rule is that the complaint determines the amount in controversy and, consequently, federal jurisdiction). However, when the complaint's *ad damnum* clause does not specifically state the amount in controversy, several courts require the removing defendant

to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. ***Tapscott v. MS Dealer Serv. Corp.***, 77 F.3d 1353, 1357 (11th Cir. 1996); ***De Aguilar v. Boeing Co.***, 11 F.3d 55, 58 (5th Cir. 1993); ***Gafford v. Gen. Elec. Co.***, 997 F.2d 150, 158 (6th Cir. 1993); ***Sanchez v. Monumental Life Ins. Co.***, 102 F.3d 398, 403–04 (9th Cir. 1996); ***Lohan v. Am. Express Co.***, 2009 WL 2567853, at *3 (S.D. W.Va. Aug. 19, 2009) (Copenhaver, Jr., J.). It had been said that the preponderance of the evidence standard strikes "[t]he proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction . . .." ***Tapscott***, 77 F.3d at 1357.

To meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. ***Landmark Corp.***, 945 F.Supp. at 935 (citing ***Tapscott***, 77 F.3d at 1357). To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. ***Gaus v. Miles, Inc.***, 980 F.2d 564, 567 (9th Cir. 1992). Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." ***Sayre v. Potts***, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999) (Goodwin, J.) (abrogated on other grounds).

Specifically, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." ***Id.*** (citing ***Landmark Corp.***, 945 F.Supp. at 636–37). To calculate this amount, a court must consider the entire record and make an independent evaluation of

whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999) (Hallanan, S.J.); *see also* ***Mullins v. Harry's Mobile Homes, Inc.***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (Faber, J.) (specifically stating that the court may consider the complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider the following:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal, although the weight to be given such demands is a matter of dispute among courts.

***Watterson v. GMRI, Inc.***, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (Staker, S.J.) (internal citations omitted). In resolving the amount in controversy issue a court "is not required to leave its common sense behind." ***Mullins***, 861 F.Supp. at 24.

## III. DISCUSSION

The parties do not dispute that diversity exists between them. However, this Court still notes complete diversity exists. Plaintiff is a resident of West Virginia. [Doc. 1-1 at ¶ 1]. Defendant Lowe's has a principal office address in North Carolina. [Id. at ¶ 2]. The John Doe defendants' citizenship is to be disregarded. *See* ***Mulvey v. PNC Bank***,

***Nat'l Ass'n***, 2010 WL 11635951, at *1 (N.D. W.Va. Sept. 7, 2010) (Bailey, J.) (internal citation omitted).

As there is complete diversity between the parties, the only jurisdictional matters in dispute is whether the minimum amount in controversy is met. Defendant Lowe's must establish the amount in controversy requirement by a preponderance of the evidence. *See* ***Allman v. Chancellor Health Partners, Inc.***, 2009 WL 514086, at *1 (N.D. W.Va. Mar. 2, 2009) (Stamp, Jr., J.) ("This Court has consistently applied the 'preponderance of evidence' standard to determine whether a defendant has met its burden of proving the amount in controversy.").

Plaintiff argues defendant Lowe's cannot show the amount in controversy exceeds $75,000. [Doc. 17-1 at 2]. In support, plaintiff argues defendant Lowe's only speculates that the amount in controversy exceeds $75,000, and there has been no actual evidence of plaintiff's damages exceeding that amount. [Id. at 3–4].

"The starting point for ascertaining the amount in controversy when the petition for removal was filed is obviously the complaint itself." ***Sayre***, 32 F.Supp.2d at 887 (citing ***Hicks v. Universal Hous., Inc.***, 792 F.Supp. 482, 484 (S.D. W.Va. 1992) (Faber, J.) ("The Courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed.")).

Here, there is no explicit amount of damages claimed in the Complaint. Plaintiff does, however, state she is seeking "judgment against the Defendants . . . including, but

not limited to, attorney's fees and costs, annoyance and inconvenience, . . . plus compensatory damages and punitive damages[.]"

Nevertheless, defendant Lowe's has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. First, defendant Lowe's presents the various kinds of damages claimed by plaintiff, including medical bills, suffering, mental anguish, severe emotional distress, inconvenience, annoyance, embarrassment, loss of enjoyment of life, loss of household production, loss of daily activities, and other general and non-economic damages. [Doc. 18 at 2 (quoting [Doc. 1-1 at ¶ 48])]. Defendant Lowe's points to the serious and permanent nature of the injuries alleged in the Complaint as further proof of plaintiff's damages exceeding $75,000. [Id. at 3]. Further, defendant Lowe's points to plaintiff's counsel's refusal to stipulate to damages equal or less than $75,000 in an email communication dated April 30, 2025. [Id. (citing [Doc. 1-5 at 1])].

Where a plaintiff claims serious injuries and plaintiff's counsel refuses to stipulate to a limit of $75,000 in recovery, courts have found removal to be proper. *See* ***Patton v. Wal-Mart Stores, Inc.***, 2005 WL 2352298 (S.D. W.Va. Sept. 26, 2005) (Faber, J.). Here, plaintiff alleges serious, permanent facial injuries, and has refused to stipulate to damages of $75,000 or less. [Doc. 1-5 at 1]. As such, defendant Lowe's has met its burden to demonstrate by a preponderance of the evidence that plaintiff's damages exceed $75,000.

## IV. CONCLUSION

For the reasons as stated herein, plaintiff's Motion **[Doc. 17]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Order to all counsel of record herein.

**DATED**: August 8, 2025.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**